May it please the court. I am Paul Doolin, appearing for the Taurus Law Firm, representing appellant Jerry Villavicencio-Rojas. The issue before the court is whether Mr. Villavicencio could obtain the benefits of the Federal First Offenders Act, or FFOA, when he was convicted of two counts of simple possession, both which occurred at the same time in the same case. We believe he is, because he's a first-time offender and these convictions are eligible under FFOA. Under FFOA, it states that, one of the requirements is that the offense, upon commission of said offense, that the person has not been convicted of violating a Federal or State law relating to a controlled substance. In this case, that's exactly what happened. When you look at each offense, when they occurred, he was not, Mr. Villavicencio was not convicted of any. Each offense, you mean there were two offenses? He was convicted of two counts of simple possession at the same time. Counts or two offenses? Oh, I'm sorry, two counts. Two counts. Yes. And they both arose from the same case. The same case, meaning they were charged and disposed of together? Yes. And the incident occurred at the same time? Yes. Okay. In other words, they found him, he had two different drugs and he was charged with two different things. Yes, that's the record reflects. So is it important to you and your argument that both counts arose out of a single transaction, that they were part of a single case and that they were sentenced together? Yes, because under FFOA, one of the requirements is that, during the commission of the offense, that there was no violation of any law regarding controlled substances. And that's exactly what happened. There was no conviction. No, no conviction at that time. No violation, no conviction. Yes. Might there be a good reason to think differently about a defendant who was caught with two drugs as opposed to only one? Doesn't that suggest a more serious involvement with drugs and perhaps cuts against the very purpose behind the statute? I do not believe so. In fact, one of the purposes of this very statute is that it's not to make felons, as stated in Cardenas Uriarte, Representative Rogers states that he does not believe that to make felons of the young men and women who come into contact with drugs. So again, he mentions, talks about first-time offenders. And that's exactly what Mr. Villaviciento is, is a first-time offender. And so it supports the intent of the statutes to give first-time offenders a second chance. Counsel, Judge Gould, if I could ask you a question, please. Are there any Federal Circuit Courts, the Ninth Circuit or otherwise, that have addressed the question of whether someone with two drugs in his or her pocket gets arrested and charged for two counts should be viewed as a first offender when it comes out of one incident? We have not found any cases squarely on point. So this is a question of first impression? Yes. Yes, the question and the facts are directly with this issue, whether multiple convictions qualify for FFOA treatment. Let me give you a hypothetical. What if the defendant had been found with one drug on Monday, booked and released, and found with the other drug on Friday? Would the result be any different? Or is it your position that that defendant would also get first offender treatment as long as he wasn't actually convicted of the prior charge before catching the Friday charge? That's exactly one of my points. Under the reading of the statutes, that's what it says. As long as the offense, when it was committed, there was no conviction. So it's important to your analysis to the word conviction? Yes. Yes, that's one of the tenets. Commission versus conviction. And of course, it has to be regarding any state or federal law regarding controlled substances. But when the statute says an offense, doesn't that suggest just one offense? It also suggests to analyze that offense. Again, in your scenario, we have two offenses. Let's look at each offense. Did this offense occur before a conviction? Did that second offense occur before a conviction? It's a much cleaner analysis than looking at... And does it actually say he had to be found guilty of an offense, or is the an offense a modifier, a descriptive modifier of simple possession of a controlled substance? The statute doesn't say he has found guilty of an offense of simple possession. It's not what it says. It says he's been convicted of violating a federal or state law. He has been found guilty of simple possession of a controlled substance, comma, an offense, describe. Right? Is that what it says? Yes. Yes. And again, I'm sorry, that's in the preceding sentence. Correct. Again, I would say that that's how you analyze each offense. Again, you would look at the Friday offense, it's found guilty, and then you run it through the analysis, and then you look at the Monday offense, and again, run it through the analysis. You keep saying two offenses, but could you also consider this as the two counts being one offense? Yes, it can be, because they occurred in the same event. Same set of facts, same court, same time, same conviction, everything. And so that's why I believe that... But those are two different theories. Which is? I mean, it's two different theories about whether this is one offense because they happened at the same time, or whether it doesn't matter whether they're one offense. What matters is that each of them was before any conviction. Those are two different theories. Yes, they are two, and I think they both fit the statute, and that our client, Mr. Villavicencio, is eligible under either reading. And I would like to reserve my three minutes for rebuttal. Thank you very much. And I gather you filled in at the last minute, and I appreciate your doing. You've done a nice job. Thank you. Thank you. Good morning, Your Honor. May it please the Court. My name is Ann Mai Wendell. I represent the United States Attorney General. Petitioner has two convictions here under two separate statutes. But does that matter under the statute? It does, Your Honor, because the plain language of the statute, as well as the court's precedent and practical concerns, foreclose FFOA treatment when there is more than one offense. Why? I don't read it that way. Your Honor, because both in paragraphs A and C, the statute refers to an offense in the singular, and that is important. But in the first sentence, it seems clearly to be a description of what simple possession of a controlled substance is, not a statement of what he has to have been convicted of or found guilty of. Your Honor, paragraph A sets forth the parameters in which the FFOA does apply, and it says that if a person found guilty of an offense under the statute. So that is important. And the court in Garberdine v. INS recognized that in stating that, quote, the FFOA permits expungement of only a single first-time simple possession offense, close further recognized that the FFOA only allows for one bite at the ameliorative apple. And isn't the First Offender Act really about giving people a second chance after their first encounter with the criminal justice system? And if that's true, isn't this really petitioner's first bite at the apple? Your Honor, no, it's not. Not if you're seeking to apply the FFOA under two different criminal statutes. Well, would your position be any different if the defendant were convicted of two counts, each involving marijuana? Is it the drug difference that is causing you to find this to be two crimes or two offenses? Is that significant to you? Your Honor, it's significant if he's charged with multiple counts of it. It also reflects that the prosecutor's office had determined that there was something more serious than just one offense. It's not necessary for the prosecutor's office to charge more than one if it's under the same statute. So your position is it doesn't matter whether it's the same drug or different drugs. If there are two counts, it's more than one offense. If there's been two convictions, then there would be two offenses. And it doesn't matter whether they occurred at the same time, if they were part of the same set of facts, the same drug deal gone bad or whatever. Two counts means more than one offense across the board no matter what. That's your position. Yes, Your Honor. Well, it's also important to keep in mind that in addition to that, what petitioners are effectively seeking to do is to expand Lujan Armendariz because there is no case law that actually discusses this particular issue where there are multiple offenses on the same day. And in that regard, it's also important to recognize that that would allow for an alien who has convictions of any number to qualify for FOA treatment as long as it was committed on the same day. But the statute doesn't contemplate that and the court's case law doesn't either. In fact, in another case, Aviles Arellano, the court also recognized that when it comes to state rehabilitative statutes, that as long as there is another conviction, if there is a second conviction for drug use. I know where you're going and I appreciate that, but do those cases address what we have here and that is a single criminal case number with what appears to be a single sentence. I could not find here that the state court record in our record explained the sentence, but it appears we have a single sentence, a 180-day sentence that was apportioned in some way to each count. So we really have one crime. Your Honor, that would then assume that even if a person is convicted under multiple statutes as long as it was committed on the same day, that would be one offense. And the cases don't recognize that and when a person is convicted under multiple statutes and under multiple charges, that is always recognized as being more than one conviction. So in this case, similarly when the courts have addressed issues involving convictions, while some of the cases do reflect a single offense, the other cases that deal with multiple convictions, even if it's on a different day, while that clearly shows that it was not within the parameters of the FFOA, it also shows an understanding that just because somebody committed multiple offenses on one day, that does not mean that it can then qualify for FFOA treatment. So if somebody is charged, let's take out the two-drug scenario and somebody has just one drug and he's charged with possession, let's say, and also with possession with intent to distribute, that's two offenses and therefore it can't qualify. In other words, if he's only done one thing, but they charge him with several offenses for the one thing, not even two drugs, but one drug. He's done one thing, but it violates several laws. Does that count or not? Your Honor, in order to violate several laws, there would have to be different elements and different actions. But he's still only done one thing. Your Honor, in the scenario that Your Honor has described where he has also been trafficking drugs, then it's not merely just possession. And in the reality of that too, in terms of looking at other examples of cases, there is none because typically either you're convicted of multiple offenses because you've done something, even if it's related to the same transaction, you've committed multiple offenses. Oh, but don't we have a case that says, I mean, there are these sort of lesser-included offense situations. I mean, if you possess with intent to distribute, you also possess, right? Your Honor, well, in this case, that actually does apply because petitioner's conviction for possession of methamphetamine was a lesser-included offense of his original charge, which was possession of cocaine. So that was a separate charge though and unrelated to his possession. I'm just trying to get the parameters of your position. So that's why I'm asking, what if you're convicted of, you know, which you can be, of two different things that, you know, the less serious and more serious version of the same thing, essentially. Your Honor, not if it's a lesser-included offense. We're dealing with, there are two different offenses. Petitioner was ultimately convicted of a lesser-included offense with regard to the possession of methamphetamine. That is a separate offense from the possession of 28-25-5. As long as it's technically a separate offense, even if you haven't done multiple things. Yes, Your Honor. And that actually is also consistent with the court's en banc holding in Nunez-Reyes because there, the court determined that Congress intended that when it comes to state rehabilitative statutes with simple possession offenses, the adverse immigration consequences apply. I understand that, but this is all pre, this is all the saved-off period before that. But Your Honor, the distinction here is because there is no case law. Lujan Armendariz does not control this matter. The case presents a question of whether or not Lujan Armendariz is, or should be expanded. And our position is that based on the language of the statute and the court's precedent, as well as the practical concerns, then it would be inappropriate to do so in this case and that the FFOA treatment doesn't apply. Counsel, Judge Gould, if I could interject a question. Is there any Supreme Court case that talks about what the purposes are of the Federal First Offender Act? Your Honor, there's different cases that generally discuss that it applies to first-time offenders and the court's decision in Garberding specifically says that the FFOA treatment refers to single first-time possession offenses. I'd like to try a reading on you if I can with respect to the language of the statute. Isn't the first clause's reference to, quote, an offense, end quote, better read not as specifying that only a defendant with a single conviction can qualify, but as simply defining the drug possession offenses that fall within the ambit of the statute? And then the next paragraph requires that a defendant not have been convicted of another drug charge prior to the commission of the current crime, and doesn't petitioner meet that requirement here? Both counts arose out of a single transaction and he had no prior convictions. What's wrong with that reading? Your Honor, because it doesn't really provide the effect in terms of the reference to an offense, by saying that it's merely descriptive, then it ignores the fact that Congress chose to specify that it impacts a single offense. And it's not necessary for the single descriptive word to be included because that would just be duplicative. You admit he had no prior convictions before this, yes? Yes, Your Honor. So this does go to, ultimately, this goes to whether or not the statute and the court's precedent, and some of the practical concerns when it comes to the district courts dealing with criminal matters and applying the FFOA, whether the law on armandires should apply. In our position, that is, it shouldn't. So for that reason, we ask that the court deny the petition. Okay, thank you very much. And you have, it says you have three minutes. I didn't think you had that much, but that's what it says. Go ahead. I'd like to point out, most importantly, that there seems to be concerns regarding the expansions and the floodgates of activities that would occur should Mr. Villaviciento be granted FFOA treatment. In this case, we're talking about a single offense and talking about... Well, that's the question, not the answer, right? Yes, but also the fact that we're talking about simple possession-type crimes. Trafficking would not apply. The more serious crimes, which have obviously been defined, have already addressed that issue of the types of crime that may be eligible for FFOA. And in this type, we're talking about simple possession-type crimes, which is in line with the legislative intent and what the cases have upheld regarding FFOA as giving first-time offenders an opportunity. In this case, Mr. Villaviciento never had his opportunity. He had his... This is his first time. All the other cases referred to the second offenses occurring after the conviction. This is simply what has not happened here. I believe this... It does come out kind of peculiar in some ways. Suppose, to go back to Judge Zahari's scenario, you had the Monday guy and the Friday guy, but instead of trying them together, they tried them separately. So he was convicted for the Monday offense, and then after that, he is tried for the Friday offense. Now, as I read the federal statute at that point, he would not be eligible for expungement. Is that right? Because at that point, at the time he was tried, found guilty of the second offense, he would have had a prior conviction. Yes. Right? Yes. So it's kind of fortuitous. It's how they decide to proceed. And part of the statute is to define the results of how they proceeded. And in this case, they proceeded and had everything done at the same time. Right. Therefore, for Mr. Villaviciento, he should be eligible for FFOA treatment. Then when you transpose that over to the immigration area, it starts making even less sense, maybe, because if you're trying to find out who it is we don't want in this country because something they've done, which way it comes out depends on how they decided to prosecute him. Yes. I guess that happens a lot, but it's a little peculiar. Yes. And in fact, in plea cases, based on case law, the defendants, if they're non-citizens, have been admonished about the immigration consequences of accepting such a deal. So if it does affect the way cases are handled... I think so. It could have been. That's true. Yes. All right. Thank you very much. Thank both of you for what turns out to be an interesting case. Thank you. Villavicencio Rojas v. Lynch is submitted, and we will take a short break.
judges: Gould, Berzon, Zouhary